IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LOLA HANCOCK ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. 7:09-CV-19 |
| ) | |
| SYNERGETIC COMMUNICATION, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

NOW COMES PLAINTIFF LOLA HANCOCK ("Plaintiff") complaining against DEFENDANT SYNERGETIC COMMUNICATION, INC. ("Defendant") and averring as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

   (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA");

   (2) Invasion of Privacy by Intrusion upon Seclusion.

## II. JURISDICTION

2.  The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331. This court has supplemental jurisdiction over the Georgia State claim pursuant to 28 USC § 1367(a).

## III. PARTIES

3.  Plaintiff, LOLA HANCOCK ("Plaintiff"), is a natural person residing in Cook County, Georgia.

4.  Defendant, Synergetic Communication, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.  All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.  Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

a) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§ 1692g(a);

b) Threatening to take actions against Plaintiff that cannot be legally taken or that were not actually intended to be taken, including threatening to sue Plaintiff, report a debt as unpaid by Plaintiff to a credit reporting agency and to garnish Plaintiff's wages, all of which are now impossible since the debt has been in default for more than 10 years (§ 1692e(5);

c) Falsely representing or implying that Plaintiff had committed a crime or other conduct, in order to disgrace Plaintiff, including implying that non-payment of the debt could result in imprisonment (§ 1692e(7);

d) Causing Plaintiff's telephone to ring repeatedly or continuously

e) with intent to harass, annoy or abuse Plaintiff (§ 1692d(5); and

f) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to take action against Plaintiff's husband's

property, which is not possible because Plaintiff's husband does not owe a debt to Defendant's client (§ 1692e(5)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

**COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

**COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

## COUNT II: COMMON LAW INVASION OF PRIVACY (BY INTRUSION *and* BY PUBLIC DISCLOSURE OF PRIVATE FACTS)

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's privacy, i.e., an "unreasonable intrusion" into Plaintiff's private concerns which would be offensive or objectionable to a reasonable person, as well as by the public disclosure of embarrassing facts about Plaintiff, i.e., Defendant publicly disclosed private facts to Plaintiff's employer, facts which were private, secluded or secret (not public), and facts which the disclosure of is offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages pursuant to 15 USC 1692k and the Common Law of Georgia;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Punitive Damages pursuant the Common Law of Georgia;
E. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of Georgia; and,
F. For such other and further relief as may be just and proper.

This 3rd day of February 2009.

ATTORNEY FOR PLAINTIFF
LOLA HANCOCK

Respectfully submitted,

E. Scott Fortas
Georgia Bar No.269980
WEISBERG & MEYERS, LLC
1932 N. Druid Hills Rd.
Suite 100
Atlanta GA 30319
404 795 0239 (Telephone)
866 565 1327 (Facsimile)
sfortas@AttorneysForConsumers.com